IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHWOOD VILLAGE LIMITED PARTNERSHIP, *et al.*, | : | Civil No. 1:22-CV-01229-JPW |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GROFT, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant's motion to dismiss for failure to state a claim, arguing that the prior pending action rule renders this action duplicative, and it is inappropriate for this case to proceed. (Doc. 2.) Alternatively, Defendant argues that Plaintiffs waived these claims. (*Id.*) For the following reasons, the court will grant the motion to dismiss with prejudice given the failure of plaintiffs to comply with Pennsylvania law requiring mandatory joinder.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Heathwood Village Limited Partnership, Spring Hollow Associates, PPLP Associates, Westgate Terrace Associates, Cold Springs Apartments Associates, Beaufort Park Associates, Colonial Glen Limited Partnership, Cool Creek Manor Associates, Hampton Court Associates, Meadow View Associates Limited Partnership, Northwood Park Associates Limited Partnership, KGLA Associates, L.P., and MGM Enterprises, Inc. ("Plaintiffs")

1

initiated this action by filing a complaint in the Court of Common Pleas for York County, Pennsylvania on or about July 7, 2022.  (*See* Doc. 1-2.)  On August 8, 2022, Defendant Michael Groft ("Groft") removed this case to this court based on diversity jurisdiction under 28 U.S.C. § 1331.  (*See* Doc. 1.)

The following facts are gleaned from Plaintiffs' amended complaint and are taken as true for the purpose of ruling on Groft's motion to dismiss.  All Plaintiffs except MGM are limited partnerships engaged in the business of real estate management.  (Doc. 1-2, ¶ 17.)  MGM is a real estate investment company that serves as general partner to the limited partnership Plaintiffs.  (*Id.* ¶ 16.)  MGM is a closely held corporation.  (Doc. 5, p. 7.)[1]  MGM, its shareholders, and Groft all maintain a partnership interest in the limited partnership Plaintiffs.  (*Id.*)

In 2008, MGM hired Groft to serve as president, and he was later promoted to CEO.  (Doc. 1-2, ¶ 21.)  Pursuant to the employment arrangement, Groft was tasked with facilitating numerous real estate transactions through the limited partnership Plaintiffs.  (*Id*. at 6–7.)  Groft controlled the finances of all Plaintiffs in connection with the financing of these frequent real estate transactions.  (*Id.*)  Through this business, Groft, MGM, and the shareholders acquired equity interests in the limited partnership Plaintiffs as illustrated by various instruments signed by relevant parties.  (Doc. 1-2, pp. 14–50.)

---

[1] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

2

To adequately fund these operations, MGM shareholders provided capital to Groft, which he used to effectuate these transactions. (*Id.* at 7.) In return for fronting Groft the money to fund these ventures, Groft was contractually obligated to repay the money before taking any distributions for himself pursuant to his equity interests. This arrangement is reflected by the various "Demand Notes" ("Notes.") (*Id.* at 52–60.) In 2017, Groft voluntarily left on amicable terms; however, Plaintiffs allege that in 2020, Groft fraudulently refused to comply with his obligations under the Notes. (Doc. 5, p. 1.)

On October 13, 2020, MGM shareholder Mark Woolley ("Woolley") filed suit against Groft in this court, asserting claims for repayment under the Notes. *See Woolley v. Groft,* No. 1:20-cv-1887-YK. In that case, Woolley claims monetary damages and declaratory relief pursuant to the disputed contracts between the parties. *Id.* In 2020, Woolley sent a letter to Groft articulating the alleged fraud giving rise to conversion, and he subsequently filed an action that was eventually removed to this court. (Doc. 4-7, p. 2); *see also Woolley*, 520 F.Supp. 3d at 619. Following lengthy discovery, a trial is set for July 25, 2023. Throughout 2021, several of the entity plaintiffs also filed suit in various state courts in Pennsylvania seeking monetary damages pursuant to Groft's alleged breach under the Notes. *See Heathwood Village L.P. v. Groft,* York Co. No. 2021-SU-002578; *Meadow View Assocs. L.P. v. Groft,* Washington Co., MD, No. C-21-

CV-21-000418; *MGM Enterprises, Inc. v. Groft,* York Co. No. 2021-SU-002634; *KGLA Associates, L.P. v. Groft,* Henrico Co., VA, No. CC21-7745.

In this federal action, Plaintiffs filed their complaint in York County on July 7, 2022, alleging similar facts with respect to the underlying transactions, but here they seek both equitable relief and monetary damages.  (Doc. 1-2 ¶ 59.)  In brief, Plaintiffs aver that Groft engaged in frequent acts of wrongdoing through alleged noncompliance with the Notes.  (*Id.* at 7.)  Count one of Plaintiffs' amended complaint seeks dissociation of Groft's interest in the limited partnerships pursuant to 15 Pa.C.S. § 8861(5), which provides courts with the equitable power to expel a person as a limited partner upon a showing of wrongdoing.  (*Id.* at 8.)  Count two alleges a RICO violation and seeks to terminate Groft's interest in MGM based on a showing that his conduct was fraudulent and therefore constituted racketeering.  (*Id.* at 10–11.)

After removal to this court on August 8, 2022, Groft filed the instant motion to dismiss for failure to state a claim on August 15, 2022.  (Doc. 2, p. 2.)  Groft argues that this case is similar to the Woolley Action and alternatively that the claims have been waived, and the court should therefore dismiss the complaint.  (Doc. 2.)  Groft submitted a brief in support on August 29, 2022, which was met by Plaintiffs' brief in opposition on September 12, 2022.  (Docs. 4, 5.)  On

September 22, 2022, Groft filed a reply brief to Plaintiff's brief in opposition. (Doc. 6.) Thus, this motion is fully briefed and ripe for disposition.

## JURISDICTION

Because this case raises a question under federal law through the RICO statute, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. Therefore, this action was properly removed to this court pursuant to 28 U.S.C. § 1441. The court has supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367. Further, venue is appropriate under 29 U.S.C. § 1441(a) because the action was initiated in the York County Court of Common Pleas, which is within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a

proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## DISCUSSION

Groft asserts two grounds for dismissal of this action. First, Groft claims that Plaintiffs have failed to state a claim upon which relief could be granted and therefore this court should dismiss count I of Plaintiffs' amended complaint. (Doc. 2, p. 2.) He bases his argument on the prior pending action doctrine, which permits courts to stay, consolidate, or dismiss duplicative cases. (*Id.*) Second, Groft argues that both counts I and II are waived by virtue of Plaintiffs' failure to join their claims in prior actions against Groft pursuant to Pennsylvania Rule of Civil Procedure 1020(d). (Doc. 4, p. 13.) The court finds the second argument dispositive and therefore need not address the first issue raised in the motion.

Groft argues that the amended complaint should be dismissed entirely because the Plaintiffs failed to previously assert these claims in filings against Groft in state court. (Doc. 2, p. 2.) He notes that Rule 1020(d) of the Pennsylvania Rules of Civil Procedure requires mandatory joinder of all causes of action asserted in "assumpsit and trespass." Pa. R. Civ. P. 1020(d); (Doc. 4, p. 13.) Under the common law, an action for "assumpsit" is an action for breach of a promise or contract, which fundamentally are the claims present in this case.

*McWreath v. Range Resources-Appalachia, LLC,* 81 F.Supp.3d 448, 468 (W.D. Pa. Jan 26, 2015) (quoting *Assumpsit*, BLACK'S LAW DICTIONARY (9th ed. 2009)). Groft's argument rests on his assessment of federal court precedent that applies state rules of civil procedure regarding mandatory joinder instead of the federal rules that contemplate permissive joinder where the first-filed case was in state court.  (Doc. 4, p. 13.); Fed R. Civ. P. 18.  Groft emphasizes the necessity of preserving judicial economy and ensuring duplicative actions do not unfairly delay adjudication.  (Doc. 4, p. 14.)  Therefore, Groft requests that both counts be dismissed because of Plaintiffs' waiver of their claims by failing to comply with the rule of mandatory joinder in state court.

In opposition, Plaintiffs respond by pointing out the nuance within the language of Rule 1020(d), which contemplates mandatory joinder *only* in actions arising in assumpsit and trespass.  (Doc. 5, p. 8.)  Plaintiffs highlight the slight ambiguity of the Rule's language regarding actions in equity, and they reference the official Note to the Rule which states: "there is no mandatory joinder of related causes of action in equity."  (*Id.*); Pa. R. Civ. P. 1020(d) (quoting the official note following subparagraph (d)).  Therefore, the issue before this court is whether the underlying transaction here gives rise to the requirement of mandatory joinder under Pennsylvania Rule 1020(d).

While Federal Rule of Civil Procedure 18 does not require mandatory joiner, the Pennsylvania Rule 1020(d) requires that plaintiffs bring forth all claims arising from a single transaction. *McAnany v. Home Ins. Co.*, No. 92-4775, 1992 U.S. Dist. LEXIS 16172, *6 (E.D. Pa. Oct. 15, 1992). Federal courts will apply state law procedural rules concerning joinder where claim and issue preclusion would deny a later action in federal court having already been decided in state court. *See Tancrel v. Mayor & Council of Bloomfield,* 583 F. Supp. 1548, 1550 (D.N.J. Apr. 25, 1984) (citing *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75 (1984)) (holding that where a plaintiff could have, but did not, raise constitutional claims in state court, he was subsequently barred in federal court from litigating precluded claims arising from the same transaction). Thus, where an issue or claim would be waived or precluded procedurally in state court by operation of state court rules, the federal courts must abide by state procedural law. *Id.* Therefore, Rule 1020(d) applies here because this circuit applies state claim preclusion principles where a cause of action is brought first in state court—even if such an action could be brought as a federal question. *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d. Cir. 1982).

To determine whether Rule 1020(d) applies, the court must first determine whether the separate actions arise from the same transaction or occurrence. *Hineline v. Stroudsburg Elec. Supply Co.*, 586 A.2d 445, 456 (Pa. 1991). Rule

9

1020(d) mandates that claims be joined only "if a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person." Pa. R. Civ. P. 1020(d). The official note qualifies this requirement by including an exception for actions in equity by stating: "[t]here is no mandatory joinder of related cases of action in equity." *Id.* Therefore, for causes of action arising in equity, there is no mandatory joinder. *D'Allessandro v. Wassel,* 587 A.2d 724, 726 (Pa. 1991) (holding that the rule requiring joinder for actions arising in assumpsit and trespass does not apply to equitable actions). However, this rule should not be confused with actions arising in breach of contract, which nevertheless seek equitable relief.

The court concludes that because the relief sought by the Plaintiffs arises initially through breach of contract, the rules of mandatory joinder apply even though the relief claimed is partially equitable. For both counts, Plaintiffs request that Groft divest any interests in all the entity Plaintiffs based on theories that Groft fraudulently breached their contracts. (*See* Doc. 1-2, pp. 9, 12.) The first count maintains that Groft's conduct justifies dissociation of his limited partner role pursuant to 15 Pa.C.S. § 8661(5), which permits expulsion of a partner by judicial order provided a showing of wrongdoing. (*Id.* at 8–9); 15 Pa.C.S. § 8661(5)(ii). The second count alleges Groft engaged in a pattern of racketeering behavior under

18 U.S.C. § 1961 *et seq.* and Plaintiffs request that Groft's interests in MGM be dissolved pursuant to § 1964(c).  (*See* Doc. 1-2, p. 9, 12.)

There is no dispute that the transactions revolving around the Notes and Groft's alleged misappropriation gave rise to the many state actions and the pending *Woolley* action.  (Doc. 6, p. 4; Doc. 1-2, ¶ 38.)  Neither party disputes that the underlying transactions or occurrences involved in this case concerns Groft's behavior pursuant to his obligations under the demand notes.  (*See* Doc. 1-2, pp. 8–9.)  Moreover, the multiple state court actions concerning these transactions align with this characterization.  (Doc. 4, p. 4–6.)  Groft argues that the current action pleads legal facts and characterizes the pleadings as arising from alleged breach of contract.  (Doc. 6, p. 5.)  However, the current action seeks equitable relief of dissociation in addition to monetary damages.  (*Id.*)  Relief in all other state and federal actions with respect to this controversy seek relief in the form of monetary damages.  *Id.*  Nevertheless, the claims for equitable relief should not obscure the fact that Plaintiff's action arises solely from alleged contractual breach.

The current action requests equitable relief but arises from an alleged breach of contract issue.  As the Supreme Court of Pennsylvania noted in *D'Allessandro,* a plaintiff was permitted to bring separate actions relating to fraud *after* they brought an action requesting specific performance, an equitable action.  *D'Allessandro*, 587 A.2d at 726.  Contrast here, where the Plaintiffs brought forth fraud claims in

11

various state courts *before* asserting their equitable claims in the action filed in York County, which was later removed to this court. (Doc. 4, pp. 4–6.) Therefore, Plaintiffs are barred from asserting later claims because they were required to join them as the transaction and occurrence arises in breach of contract, not in equity. Rule 1020(d) looks to when and how actions arise, and the transactions here clearly involve allegations of fraud and contractual breach. Nonetheless, the claim for equitable relief was not included in any of the prior actions.

      The cause of action in this case and in prior state actions arise from the same occurrence, Groft's alleged fraudulent breach of contract. The Plaintiffs did not comply with the state rules regarding mandatory joinder, which effectively waives future claims even if later claims seek equitable relief. Therefore, because the Plaintiffs effectively waived their claims by failing to join them under Pennsylvania law, the entire amended complaint should be dismissed with prejudice. No amendment would cure this waiver because any claim for relief that Plaintiffs might be entitled to, necessarily arises from Groft's alleged breach of contract.

## CONCLUSION

For the reasons stated herein, the court will grant Groft's motion to dismiss with prejudice. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 23, 2023